# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**TRACEWOOD APTS 2021 LLC**                                                    **PLAINTIFF**

**VS.**                         **CAUSE NO.:3:25-CV-00606-HTW-LGI**

**JXN WATER INC., and**
**Edward Henifin, in his official capacity**
**As Interim Third-Party Manager of the City**
**Of Jackson's Water and Sewer System**                        **DEFENDANTS**

## DEFENDANTS' ANSWER AND DEFENSES TO VERIFIED PETITION FOR INJUNCTIVE RELIEF AND OTHER RELIEF AND COUNTERCLAIM AGAINST PLAINTIFF FOR DECLARATORY RELIEF

COME NOW Defendants, JXN Water Inc. and Edward ("Ted") Henifin, in his official capacity as Interim Third-Party Manager of the City of Jackson's water and sewer systems, through undersigned counsel, and respond to the *Verified Petition for Injunctive Relief and Other Relief* ("the Petition") filed by Plaintiff Tracewood Apts 2021 LLC, as follows:

### FIRST DEFENSE

The Petition fails to state a claim against JXN Water in whole, or in part, upon which any relief may be granted.

### SECOND DEFENSE

The Petition is barred by the doctrine of unclean hands. Plaintiff's claimed hardship is the direct result of its own failure to pay for water and sewage services it received. Equity does not protect a party that has created the very harm it complains of.

### THIRD DEFENSE

The duty to pay for water and sewage services provided is clear and uncontested. Additionally, even if some portion of the bill is contested, Plaintiff has not paid the undisputed

amounts, which remain significant. Therefore, Plaintiff cannot demonstrate a substantial likelihood of prevailing on the merits.

## **FOURTH DEFENSE**

The Petition is barred by the equitable doctrines of laches, waiver, and estoppel.

## **FIFTH DEFENSE**

Plaintiff failed to mitigate its alleged damages by not taking steps within is control to lessen or avoid the alleged harm, including but not limited to: (1) failing to make timely payment of undisputed charges despite knowledge of the outstanding balance; (2) failing to pursue established administrative or contractual remedies for resolving disputed charges; and, (3) continuing to accrue unpaid balances while seeking extraordinary relief from this Court rather than exercising ordinary business judgment to mitigate its alleged injury. Any alleged damages claimed by Plaintiff, to the extent they exist, were exacerbated by its own conduct.

## **SIXTH DEFENSE**

The Petition, and each cause of action set forth therein, is barred in whole or in part, by the applicable statute of limitations or administrative time-limited filing periods.

## **SEVENTH DEFENSE**

Billing disputes can be resolved through established administrative or contractual procedures. Injunctive relief is improper where adequate remedies at law exist.

## **ANSWER**

Without waiving any of the aforementioned defenses, Defendants respond to the specific allegations of the Petition as follows:

## PARTIES

**1.**

Upon information and belief, Defendants admit to the allegations of ¶ 1.

**2.**

Defendants deny the allegations of ¶ 2, as stated. Defendants admit only that JXN Water Inc. is a Mississippi corporation and its principal place of business address is 802 Lakeland Drive, Apt 414, Jackson, MS 39216, and that any relevant federal court order speaks for itself.

**3.**

Defendants deny the allegations of ¶ 3, as stated. Defendants admit only that Mr. Henifin is the Interim Third-Party Manager of the City of Jackson's drinking water and sewage system and serves as JXN Water Inc.'s registered agent, and that any relevant federal court order speaks for itself.

## II. JURISDICTION AND VENUE

**4.**

Defendants state that ¶ 4 consists of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendants deny that the Chancery Court of Hinds County has jurisdiction over this matter. For reasons stated more fully in the Notice of Removal, filed in this Court on August 13, 2025 [Dkt. 1], Defendants have removed this action to the United States District Court for the Southern District of Mississippi, Northern Division.

**5.**

Defendants state that ¶ 5 consists of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendants deny that the action is properly venued

in the Chancery Court of Hinds County. For reasons stated more fully in the Notice of Removal, filed in this Court on August 13, 2025 [Dkt. 1], Defendants have removed this action to the United States District Court for the Southern District of Mississippi, Northern Division.

**6.**

Defendants deny the allegations of ¶ 6, as stated. Defendants admit only that Plaintiff's Petition speaks for itself.

**7.**

Defendants deny the allegations of ¶ 7, as stated. Defendants admit only that Plaintiff's Petition speaks for itself.

**8.**

Defendants deny the allegations of ¶ 8.

### III. FACTUAL ALLEGATIONS

**9.**

Upon information and belief, Defendants admit the allegations of ¶ 9.

**10.**

Defendants admit the allegations of ¶ 10.

**11.**

Defendants deny the allegations of ¶ 11. To the extent Plaintiff did not receive any bills from JXN Water, as it claims, it was because of Plaintiff's own failure: ". . .[W]e did not receive any water bills for the property we purchased until approximately 2.5 years later *due to a system failure*." *See* email correspondence, dated Jan. 6, 2025, attached hereto as Exhibit A (emphasis added).

**12.**

Defendants deny the allegations of ¶ 12.

**13.**

Defendants deny the allegations of ¶ 13.

**14.**

Defendants deny the allegations of ¶ 14.

**15.**

Defendants deny the allegations of ¶ 15, as stated. Defendants admit only that Plaintiff's Exhibit A speaks for itself.

**16.**

Defendants deny the allegations of ¶ 16, as stated. Defendants admit only that Plaintiff's Exhibit B speaks for itself.

**17.**

Defendants deny the allegations of ¶ 17, as stated. Defendants admit only that Plaintiff's Exhibit C speaks for itself.

**18.**

Defendants deny the allegations of ¶ 18, as stated. Defendants admit only that Plaintiff's Exhibit D speaks for itself.

**19.**

Defendants admit the allegations of ¶ 19.

**20.**

Defendants deny the allegations of ¶ 20.

**21.**

Defendants deny the allegations of ¶ 21.

**22.**

Defendants deny the allegations of ¶ 22.

**23.**

Defendants deny the allegations of ¶ 23.

## IV. CLAIMS FOR RELIEF

### COUNT 1:
### INJUNCTIVE RELIEF (TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION)

**24.**

Defendants incorporate by reference the responses in the preceding paragraphs as if set forth fully herein.

**25.**

Defendants deny the allegations of ¶ 25.

**26.**

Defendants deny the allegations of ¶ 26.

**27.**

Defendants deny the allegations of ¶ 27.

**28.**

Defendants deny the allegations of ¶ 28.

**29.**

Defendants deny the allegations of ¶ 29.

## COUNT II: DECLARATORY JUDGMENT

**30.**

Defendants incorporate by reference the responses in the preceding paragraphs as if set forth fully herein.

**31.**

Defendants deny the allegations of ¶ 31.

**32.**

Defendants deny the allegations of ¶ 32 that Plaintiff is entitled to any relief whatsoever against Defendants.

**33.**

Defendants deny the allegations of ¶ 33 that Plaintiff is entitled to any relief whatsoever against Defendants.

## COUNT III: ACCOUNTING

**34.**

Defendants incorporate by reference the responses in the preceding paragraphs as if set forth fully herein.

**35.**

Defendants deny the allegations of ¶ 35.

**36.**

Defendants deny the allegations of ¶ 36.

**37.**

Defendants deny the allegations of ¶ 37 that Plaintiff is entitled to any relief whatsoever against Defendants.

## COUNT IV:
## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

**38.**

Defendants incorporate by reference the responses in the preceding paragraphs as if set forth fully herein.

**39.**

Defendants deny the allegations of ¶ 39, as stated. Defendants admit only that Plaintiff expressly and/or impliedly agreed to assume responsibility for the payment of the complex's utility charges, including water and sewage services, which would include an implied covenant of good faith and fair dealings.

**40.**

Defendants deny the allegations of ¶ 40, including those in sub-parts (a) through (d).

**41.**

Defendants deny the allegations of ¶ 41.

### V. PRAYER FOR RELIEF

As to the unnumbered paragraph, including sub-parts A. through H., beginning with "WHEREFORE," on page 8, Defendants deny the allegations contained therein, and deny that Plaintiff is entitled to any recovery or relief whatsoever.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that a Judgment be entered in their favor denying the relief requested by Plaintiff and dismissing this action with prejudice with costs being assessed against Plaintiff. Defendants also pray for any general relief which the Court may deem appropriate.

**COUNTERCLAIM AGAINST PETITIONER**

COME NOW, Defendants/Cross-Claimants, JXN Water Inc. and Edward ("Ted") Henifin, in his official capacity as Interim Third-Party Manager ("ITPM") of the City of Jackson's water and sewer systems, through undersigned counsel, and file this Counterclaim against Plaintiff Tracewood Apts 2021 LLC ("Tracewood Apartments"). In support of its Counterclaim, Defendants/Cross-Claimants would show unto the Court as follows:

### I.  NATURE OF THE ACTION

1. For the past four years, Tracewood Apartments has intentionally and methodically stolen money from its tenants and services from JXN Water. Despite collecting water and sewage payments each month from its tenants' rental payments, Tracewood Apartments has pocketed the money and refused to pay for its utilities. Tracewood Apartments has not only defrauded its tenants, but it has also jeopardized the financial viability of the functional water and sewer systems Jackson so desperately needs. Worse still, in facing the consequences of its charade, Tracewood Apartments chooses to burn through additional resources this City and JXN Water do not have by filing baseless litigation rather than paying its bill. The actions of Tracewood Apartments have jeopardized the welfare of its tenants, the functionality of the water and sewage systems themselves, and the well-being of every citizen of Jackson.

### II.  PARTIES

2. JXN Water Inc., is a Mississippi corporation, with its principal place of business in Jackson, Mississippi. It is a Mississippi water utility company run by ITPM Ted Henifin, who was authorized by a federal court order on November 29, 2022, by United States District Judge Henry Wingate to reestablish water infrastructure, operations, and put Jackson's water system on a

sustainable path forward. *See generally* Interim Stipulated Order [Dkt. 6], Case No. 22-cv-686 (S.D. Miss.).

3. Mr. Henifin is a resident and citizen of Virginia.

4. Tracewood Apts 2021 LLC is a limited liability company incorporated in Delaware with its principal place of business in New Jersey.

5. On information and belief, Tracewood Apts 2021 LLC is owned and operated by a single member, Pineview Equity Group, a New Jersey company.

### III. JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C.A. § 1332 because the citizenship of the parties is completely diverse and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

7. This Court has personal jurisdiction over Tracewood Apartments because it operates a multi-unit residential property located at 6300 Old Canton Road, Jackson, Mississippi, 39211. That property is the source of all legal claims made here.

8. Venue is proper as the property subject to this dispute is located within the district.

9. This Counterclaim is brought in accordance with Rule 13(a)(1) of the Federal Rules of Civil Procedure. It arises out of the occurrences that are the subject matter of the Petition of Tracewood Apartments and does not require adding another party over which the Court cannot acquire jurisdiction.

### IV. FACTS

10. Upon information and belief, in the late fall of 2021, ownership of the apartment complex located at 6300 Old Canton Road, Jackson, Mississippi, 39211, transferred to Tracewood

Apts 2021 LLC, which is owned and operated by Pineview Equity Group—a New Jersey investment firm—and is currently known as Tracewood Apartments.

11. The complex offers approximately 280 units for rent.

12. Upon information and belief, Tracewood Apartments has tenants receiving government rental assistance that includes an allowance for utilities, including water and sewage.

13. At the time ownership was transferred to Tracewood Apts 2021 LLC, the billing address changed from LLC SRC Tracewood Investments, 6300 Old Canton Road, Jackson, MS 39211-2454 to LLC SRC Tracewood Investments ("SRC Tracewood"), C/O RUM: 4867188, Post Office Box 5169, Oak Brook, IL 60522-5169.

14. Significantly, based on prior representations in federal court filings, SRC Tracewood was a limited liability company organized under the laws of the State of Alabama with a single member, Sterling Capital Management, Inc., an Alabama corporation. There is no indication that SRC Tracewood has any connection to Illinois.

15. Also, at the time of the sale, there was a credit balance totaling $3,6077.77.

16. Bills for water and sewage services on all accounts were sent to LLC SRC Tracewood Investments, C/O RUM: 4867188, Post Office Box 5169, Oak Brook, IL 60522-5169 from January 2022 until May 2024.

17. Tracewood Apartments regularly paid its bills on all accounts throughout 2022.

18. Tracewood Apartments stopped paying its bills on all accounts on or about December 2022 with no change in billing address, while it continued to receive water and sewage services and to collect fees from its tenants to pay for said services.

19. After a 17-month period of not paying its bills, prompted only by a disconnection notice, Tracewood Apartments finally made a payment of $60,000.00 in May 2024.

20. From the time ownership transferred until on or about May 2024, Tracewood Apartments failed to transition the utility accounts from the prior owner's name into its name, as required under the City's Code of Ordinances. *See* Jackson, MS, Code of Ordinances Sec. 122-19 (requiring that if a person or entity "moves into premises or a building or for any other reason finds the water supply turned on without having been applied for by him, he shall immediately report the fact to the waterworks office for attention and correction.").

21. Despite collecting water and sewage fees from tenants, Tracewood Apartments has not made monthly payments to JXN Water of the total amount of fees billed or collected from tenants each month for these services since on or about November 2022.

22. Additionally, Tracewood Apartments has chosen not to deposit the monthly water and sewage payments collected from its tenants into an escrow or other financial holding account.

23. Tracewood Apartments redirected the monthly water and sewage payments collected from tenants, many of whom, on information and belief, receive government rental assistance, for purposes other than paying for those services.

24. Tracewood Apartments is unable to provide an accounting reflecting how the monthly water and sewage payments collected from tenants were used.

25. Since taking ownership in 2021, Tracewood Apartments has failed to pay for more than $900,000 worth of water and sewage services.

26. In February 2025, JXN Water sent another disconnection notice to Tracewood Apartments. In response, it submitted a single payment of $60,000.00.

27. In June 2025, when faced with yet another disconnection notice, Tracewood Apartments entered into a payment plan with JXN Water for its outstanding accounts, and it made an initial lump-sum payment of $60,000.00. *See* email correspondence, dated June 27, 2025,

attached hereto as Exhibit B ("Please put [u]s on the payment plan you mentioned. And make sure you hold off on all shut off notices to our accounts").

28. The very next month, Tracewood Apartments failed to make the first installment payment on the plan, resulting in the removal of its accounts from the payment plan and the past due amounts on each outstanding account becoming immediately due.

**COUNT ONE**

**ACTION ON OPEN ACCOUNT**

29. Defendants/Cross-Claimants re-allege and incorporate by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

30. Tracewood Apartments has 12 open accounts with JXN Water, Inc. under which $910,000.00 is due and has not been paid.

31. Those accounts are:

   a. Account number 9571481297
   b. Account number 8216256497
   c. Account number 8200625181
   d. Account number 3770733870
   e. Account number 3156202040
   f. Account number 2133549001
   g. Account number 1997813984
   h. Account number 0775463501
   i. Account number 9134321089
   j. Account number 7532015144
   k. Account number 2886954066
   l. Account number 0191145503

32. Tracewood Apartments is liable to JXN Water, Inc. in the amount of $910,062.68, plus late fees, interest, and reasonable attorneys' fees, pursuant to Miss. Code Ann. § 11-53-81, to settle the debts on its Open Account.

## COUNT TWO

## BREACH OF CONTRACT

33. Defendants/Cross-Claimants re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

34. Upon purchasing the complex and retaining water and sewage services, Tracewood Apartments expressly and/or impliedly agreed to assume responsibility for the payment of the complex's utility charges, including water and sewage services currently billed under the following accounts:

      a.      Account number 9571481297
      b.      Account number 8216256497
      c.      Account number 8200625181
      d.      Account number 3770733870
      e.      Account number 3156202040
      f.      Account number 2133549001
      g.      Account number 1997813984
      h.      Account number 0775463501
      i.      Account number 9134321089
      j.      Account number 7532015144
      k.      Account number 2886954066
      l.      Account number 0191145503

35. Following the purchase, Tracewood Apartments performed under this agreement by making utility payments to the Water and Sewage Billing Administration ("WSBA") and JXN Water for services provided to the complex, further evidencing their contractual obligation to pay such charges.

36. The agreement between Defendants/Cross-Claimants and Tracewood Apartments was valid and enforceable under Mississippi law, supported by consideration, and included mutual obligations: Defendants/Cross-Claimants continued to provide water and sewage services to the complex, and Tracewood Apartments agreed to timely pay for those services.

37. Defendants/Cross-Claimants fully performed their contractual obligations by continuing to supply water and sewage services to the complex.

38. Tracewood Apartments has materially breached the contract by failing to pay the amounts due under the agreement and by publicly disclaiming responsibility to do so.

39. As a direct and proximate result of Tracewood Apartments' breach, Defendants/Cross-Claimants have suffered damages in the amount of $910,062.68, plus late fees, interest, and costs of collection.

## COUNT THREE

## UNJUST ENRICHMENT

40. Defendants/Cross-Claimants re-allege and incorporate by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

41. Defendants/Cross-Claimants provided water and sewage utility services to Tracewood Apartments.

42. The provision of those services conferred a benefit upon Tracewood Apartments.

43. Despite receiving benefits from the utility services provided, Tracewood Apartments did not compensate Defendants/Cross-Claimants for those services.

44. Tracewood Apartments' retention of the benefit of the utility services provided without payment is inequitable.

45. Defendants/Cross-Claimants are therefore entitled to recover the amount by which Tracewood Apartments were unjustly enriched through its receipt and use of the services provided by Defendants/Cross-Claimants.

## V. RELIEF REQUESTED

46. Defendants/Cross-Claimants repeat the allegations contained in this Counterclaim as if set forth herein.

47. Tracewood Apartments has redirected $910,062.68 from its tenants and JXN Water, and it has been inappropriately enriched at the expense of the water and sewage systems and the citizens of Jackson, who pay their bills.

WHEREFORE, PREMISES CONSIDERED, Defendants/Cross-Claimants respectfully request that this Court enter judgment in their favor and against Tracewood Apartments as follows:

A. For actual damages in the amount of $910,062.68.

B. For prejudgment and post judgment interests as allowed by law;

C. For reasonable attorneys' fees and costs incurred in bringing this action, to the extent permitted by law; and

D. For such other, further, and general relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED, this the 20th day of August, 2025.

*JXN Water Inc., and Edward Henifin, In his official capacity as Interim Third-Party Manager of the City of Jackson's Water and Sewer System*

/s/ *Malissa Wilson*
Malissa Wilson (MSB #100751)
Charles Mitchell McGuffey (MSB #104986)
FORMAN WATKINS & KRUTZ LLP
210 East Capitol Street, Suite 2200
Jackson, MS 39201
Telephone: (601) 960-8600
Facsimile: (601) 960-8613
malissa.wilson@formanwatkins.com
mitch.mcguffey@formanwatkins.com

***THEIR ATTORNEYS***